IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Meridath E. Gaines, ) | |
| ) | Civil Action No.2:14-cv-4535-RMG-MGB |
| Plaintiff, ) | |
| ) | |
| v.   ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| MKKM Inc. d/b/a MKKM LLC and ) | |
| Eagle's Landing Restaurants LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court upon Defendants' Motion to Dismiss. (Dkt. No. 8.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

**FACTUAL BACKGROUND**

Plaintiff filed the instant action on November 30, 2014. (See Dkt. No. 1.) Plaintiff, a twenty-five year old African-American female, alleges that she was hired on February 17, 2011 "as a server/waitress" at Defendants' restaurant, the International House of Pancakes. (See Compl. ¶¶ 8-10, 14.) Plaintiff alleges that coworker Francisco Romero ("Romero") attacked Plaintiff on two occasions: once in March of 2011 and again on May 21, 2011. (See id. ¶¶ 16-22.) During both attacks, Plaintiff alleges, *inter alia*, that Romero forcibly kissed her, attempted to unzip his trousers, and ordered Plaintiff to perform a sex act on him. (See id. ¶¶ 16-22.) Plaintiff asserts that after the March 2011 attack, she "directly reported the incident to the shift supervisor, who told Plaintiff that the matter would be handled." (Id. ¶ 18.) Plaintiff further asserts that after the May 21, 2011 attack, she "went immediately to two of her store supervisors (-male and female-) and reported the attack; per the instructions of the female supervisor Plaintiff completed a written complaint and statement, and was informed that the matter would be handled." (Id. ¶ 23.) Plaintiff alleges she told the female

1

supervisor "that she did not feel safe and she felt like quitting because of Romero and the work environment." (Id. ¶ 24.)

Plaintiff also alleges she filed a criminal complaint with the North Charleston Police Department on or about that same day. (Id.) Plaintiff further alleges as follows:

> 25. On May 22, 2011, [Plaintiff] returned to work, but was not approached or counseled by any supervisor or management officer; she did attempt to speak with the store manager (male) who held a telephone conversation while talking to her and concluding his (Ali) remarks by insisting that she provoked these attacks or somehow was at fault for causing Romero to sexually harass her.
>
> 26. During the conversation with Ali, [Plaintiff] requested a shift change and was denied the transfer but was rudely interrupted, told that the matter was handled before she could complete her description of the fear, discomfort, embarrassment and terror she was experiencing.
>
> 27. After pressing charges against Romero, [Plaintiff] was suspended from employment and after Romero was convicted [Plaintiff] was terminated; and at the time of her termination, Ali called her a "bitch."

(Id. ¶¶ 25-27.) Plaintiff lists the following causes of action in her Complaint: hostile work environment, sexual harassment, retaliation, and "sexual and gender discrimination." (See generally Compl.)

Relevant to the instant motion is Defendants' contention that Plaintiff "has not met the requirement of filing within ninety days of receipt of the Notice of Right to Sue Letter from the Equal Employment Commission ('EEOC')." (Dkt. No. 8-1 at 1.)

## **DISCUSSION**

Defendants contend the instant action is untimely, as Plaintiff alleges she received her Notice of Right to Sue Letter from the EEOC on August 29, 2014, and filed this action on November 30, 2014, "ninety-three days after receipt of the E.E.O.C.'s Notice of Right to Sue." (Dkt. No. 8-1 at 1; see also Compl. ¶ 3.) Defendants assert the instant action should be dismissed because "[f]iling suit

within ninety-days of receipt of the EEOC's Notice of Right to Sue Letter is a jurisdictional prerequisite." (Dkt. No. 8-1 at 1.)[1]

In her Response in Opposition, Plaintiff does not dispute that she received her Notice of Right to Sue Letter on August 29, 2014, and that she filed her Complaint on November 30, 2014. (Dkt. No. 12 at 1.) She asserts, however, that the instant action is timely:

> According to the date of receipt [(of the Notice of Right to Sue Letter)], Plaintiff's Complaint would be timely filed on November 27, 2014. November 27, 2014 was Thanksgiving Day, a national federally recognized holiday. The South Carolina District Court was closed on the following Friday, November 28, 2014, leaving the next business day for the Court as Monday, November 30, 2014. Plaintiff did complete the filing on November 30, 2014.

(Dkt. No. 12 at 1.)[2] Plaintiff cites to Rule 6 of the Federal Rules of Civil Procedure in support of her argument. (See Dkt. No. 12 at 1-2.)

By statute, a civil action under Title VII must be filed within ninety (90) days of the date of receipt by a claimant of a duly issued notice of right to sue from the EEOC. See 42 U.S.C. § 2000e–5(f)(1); see also Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993) ("Title VII plaintiffs have a ninety-day period in which to file their claims after the EEOC has given them a right-to-sue letter." (citing 42 U.S.C. § 2000e–5(f)(1)). Generally speaking, if suit is not brought within that time period, the case is subject to dismissal. See, e.g., Harper v. Burgess, 701 F.2d 29 (4th Cir. 1983). But see Coleman v. Talbot Cnty. Det. Ctr., 242 F. App'x 72, 74 (4th Cir. 2007) (concluding, in the context of a Title VII claim, the plaintiff was entitled to equitable tolling).

In the instant case, the parties appear to agree that ninety days after August 29, 2014 is Thursday, November 27, 2014. (See Dkt. No. 8-1 at 1; Dkt. No. 12 at 1.) Although Plaintiff did not file her Complaint until Sunday, November 30, 2014, the undersigned agrees with Plaintiff that the

---

[1] Contrary to the Defendants' position, the ninety day filing requirement is not jurisdictional. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990); see also Hentosh v. Old Dominion Univ., 767 F.3d 413, 417 (4th Cir. 2014); Laber v. Harvey, 438 F.3d 404, 428-29 & n.25 (4th Cir. 2006).

[2] November 30, 2014 was a Sunday, not a Monday as Plaintiff states.

instant action was timely filed. The day on which Plaintiff's ninety-day period expired was Thanksgiving Day. The United States District Court for the District of South Carolina was closed on Wednesday, November 26, 2014; Thursday, November 27, 2014; and Friday, November 28, 2014. See In re Federal Holiday, 3:14-mc-00317-TLW (D.S.C. Oct. 15, 2014). November 29, 2014 was a Saturday; November 30, 2014 was a Sunday. Pursuant to Rule 6 of the Federal Rules of Civil Procedure, Plaintiff's Complaint was timely.

The undersigned notes Defendants' contention that Rule 6 does not apply in the circumstances presented by this case. (Dkt. No. 16 at 5.) In support of their position, Defendants cite the Committee's Notes to the 2009 Amendments to Rule 6 of the Federal Rules of Civil Procedure. (See Dkt. No. 16 at 5.) Specifically, Defendants point to the following language in the Committee's Notes: "The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set." (Dkt. No. 16 at 5.) While at first blush this language appears to support Defendants' position, a more complete reading of the passage reveals that Defendants are incorrect. The Committee's Notes provide, *inter alia*,

> The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set. The amendments thus carry forward the approach taken in *Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1016 (6th Cir. 2005) (holding that Civil Rule 6(a) "does not apply to situations where the court has established a specific calendar day as a deadline"), and reject the contrary holding of *In re American Healthcare Management, Inc.*, 900 F.2d 827, 832 (5th Cir. 1990) (holding that Bankruptcy Rule 9006(a) governs treatment of date-certain deadline set by court order). **If, for example, the date for filing is "no later than November 1, 2007," subdivision (a) does not govern. But if a filing is required to be made "within 10 days" or "within 72 hours," subdivision (a) describes how that deadline is computed**.
>
> Subdivision (a) does not apply when computing a time period set by a statute if the statute specifies a method of computing time. *See, e.g.*, 2 U.S.C. § 394 (specifying method for computing time periods prescribed by certain statutory provisions relating to contested elections to the House of Representatives).

FED. R. CIV. P. 6 advisory committee's notes (emphasis added); see also Bagley v. Yale Univ., 42 F. Supp. 3d 332, 342-43 & n.5 (D. Conn. 2014) (concluding that Rule 6(a) applies in the context of

computing the filing period for a Title VII case because "Title VII does not have its own time computation rule and the statute's implementing regulations are also silent on the subject . . . ." (internal quotation marks and citation omitted)); Schmidt v. Town of Cheverly, Md., Civ. A. No. GJH-13-3282, 2014 WL 4799039, at *9 (D. Md. Sept. 25, 2014) ("Rule 6 of the Federal Rules of Civil Procedure governs the computation of time for federal statutes that do not otherwise specify a method of computing time, which includes Title VII.").

In the case *sub judice*, Plaintiff's deadline was ninety days after receipt of her Notice of Right to Sue Letter, and ascertaining that deadline required computation of a time period. Plaintiff's Complaint was timely filed, and Defendants' motion should therefore be denied. See Pearson v. Furnco Constr. Co., 563 F.2d 815, 818-19 (7th Cir. 1977) (applying Rule 6(a) of the Federal Rules of Civil Procedure to the ninety day period, stating, "[T]he action was not brought within 90 days after receipt of notice from the Commission if Sunday, September 29 is counted as the ninetieth day for the purpose of 42 U.S.C. s 2000e-5(f) (1). . . . [W]hen the ninetieth calendar day is a Saturday, Sunday, or holiday, the period does not expire until the end of the next day which is none of these three."); Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000) (stating, in the context of a habeas petition pursuant to 28 U.S.C. § 2254, "We use Rule 6(a) in computing the limitations periods provided in statutes."); Milam v. U.S. Postal Serv., 674 F.2d 860, 862 (11th Cir. 1982) ("We conclude that the intent of Congress in passing Section 2000e-16(c) was to adopt the provisions of Rule 6(a) allowing a party to file suit on the day following the weekend or holiday if a time period for filing ends on a weekend or holiday."); De Guzman v. NIH Fed. Credit Union, Civ. A. No. PJM 08-3213, 2009 WL 2228397, at *2 (D. Md. July 23, 2009) ("De Guzman is presumed to have received the letter by mail on August 29, 2008. *See* Fed.R.Civ.P. 6(d). Ninety days after August 29, 2008 was Thursday, November 27, 2008 (Thanksgiving Day). Since Thanksgiving Day was a legal holiday, *see* Fed.R.Civ.P. 6(a)(4), De Guzman's due date was postponed until the next day the Clerk's Office was accessible. *See* Fed.R.Civ.P. 6(a)(3). Under the Local Rules of this Court, the Clerk's Office was closed the day after Thanksgiving (Friday, November 28, 2008) and through the weekend. *See* Local Rule 504(1). Therefore, De Guzman's Complaint was due Monday, December 1, 2008, the

5

day on which she filed. Accordingly, the Motion to Dismiss is denied insofar as it alleges failure to file suit within 90 days.").

## **CONCLUSION**

Wherefore, it is RECOMMENDED that Defendants' Motion to Dismiss (Dkt. No. 8) be DENIED.

IT IS SO RECOMMENDED.

June 1, 2015
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).