IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Meridath E. Gaines, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:14-4535-RMG |
| vs. ) | |
| ) | |
| MKKM Inc. D/b/a MKKM LLC and ) | |
| Eagle's Landing Restaurants LLC, ) | |
| ) | **ORDER** |
| Defendants. ) | |
| ) | |

This matter comes before the Court on Defendants' motion to dismiss, which is based on the assertion that Plaintiff failed to timely file her civil action in this matter under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1). (Dkt. No. 8). The matter was referred to the Magistrate Judge for pretrial handling, pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g), D.S.C. The Magistrate Judge issued a Report and Recommendation ("R & R") on June 1, 2015, recommending that the motion to dismiss be denied on the basis that the matter was timely filed under the standards set forth in Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure. (Dkt. No. 17). Defendants timely filed objections to the R & R, arguing that the 90-day rule under Title VII for the filing of a civil action after issuance of a right to sue letter was absolute and not subject to the provisions of Fed. R. Civ. P. 6(a). (Dkt. No. 18).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or

-1-

modify, in whole or in part, the findings or the recommendations made by the magistrates." 28 U.S.C. § 636(b)(1). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The facts regarding this motion are not in dispute. Plaintiff received her notice of right to sue on August 29, 2014, which made her civil action deadline Thursday, November 27, 2014, which was Thanksgiving Day. The United States District Court for the District of South Carolina was closed on Wednesday, November 26; Thursday, November 27; and Friday, November 28. *See In re Federal Holiday*, No. 3:14-mc-317 (D.S.C. Oct. 15, 2014). Plaintiff filed her complaint on Sunday, November 30, 2014.

As the Magistrate Judge observed, Rule 6(a)(1)(C) provides that where a statute does not specify a method of computing time, any deadline that falls on a Saturday, Sunday or legal holiday will be timely if the filing is made on the next day that is not a Saturday, Sunday or legal holiday. Title VII does not contain a specific method for computing time. The 90th day following the receipt of the right to sue letter was Thanksgiving Day and the next day following a legal holiday, Saturday and Sunday was Monday, December 1, 2014. The Magistrate Judge concluded that since Plaintiff filed her civil action prior to the end of the day of December 1, 2014, her filing was timely. (Dkt. No. 17 at 3-4). This view has been widely followed. *See Kane v. Douglas, Elliman, Hollyday & Ives*, 635 F.2d 141, 142-43 (2nd Cir. 1980); *Pearson v. Furnco Construction Co.*, 563 F.2d 815, 818-19 (7th Cir. 1977); *Bagley v. Yale University*, 42 F. Supp.3d 332, 342 (D. Conn. 2014); *Gamas v. Anheuser Busch*, 2005 WL 419690 at *2 (D. N.H. 2005); *McCauley v. Greensboro City Bd. of Ed.*, 714 F. Supp. 146, 149-50 (M.D. N.C. 1987);

*Bailey v. Boilermakers Local 667*, 480 F. Supp. 274, 282 (N.D. W. Va. 1979); *Menn v. Amstar Corp.*, 476 F. Supp. 303, 306 (D. Md. 1979).

Defendants object to this conclusion, pointing to a line of cases that state that the 90-day rule is fixed and a failure to file within the 90-day period requires the dismissal of the action. (Dkt. No. 18). These cases do not involve the deadline falling on a Saturday, Sunday or legal holiday, which then requires the application of Fed. R. Civ. P. 6(a). The Court finds Defendants' arguments and authorities unpersuasive, and the reasoning and conclusions set forth in the R & R well supported in the law and in accord with the remedial purposes of Title VII. Therefore, the Court adopts the R & R of the Magistrate Judge (Dkt. No. 17) as the order of the Court and denies Defendants' motion to dismiss. (Dkt. No. 8).

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

June 25, 2015
Charleston, South Carolina